[Cite as *State v. Perez*, 2021-Ohio-2971.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-20-1153

        Appellee                                   Trial Court No.  CR0201902569

v.

Melreona Perez                                      **DECISION AND JUDGMENT**

        Appellant                                 Decided:  August 27, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 27, 2020 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to an 18-month term of incarceration, with

credit for 340 days served, following appellant's negotiated plea to one count of

attempted endangering children, in violation of R.C. 2919.22(A) and R.C. 2923.02, a felony of the fourth degree, as amended from one count of endangering children, in violation of R.C. 2919.22(B), a felony of the second degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Melreona Perez, sets forth the following assignment of error:

"Did the court [err] when it sentenced appellant to serve the maximum term of incarceration for a non-violent felony of the fourth degree[,] which was her first felony conviction?"

{¶ 3} The following undisputed facts are relevant to this appeal. On April 22, 2019, appellant left her three-month-old infant daughter in the care of the child's biological father. Appellant did so despite her awareness of issues detrimental to the infant occurring on previous occasions when the child was left alone in the care of the father.

{¶ 4} Upon returning home later that day, appellant observed that her child was "twitching" while sleeping, which appellant noted to be unusual. Nevertheless, appellant did not seek medical assistance. Rather, appellant took the infant along when she went out later that evening for dinner and a movie.

{¶ 5} The following morning, appellant observed her infant's eyes and tongue all rolling back. At this juncture, appellant called her mother. Following their

2.

communications, appellant finally sought medical care for the infant. While en route to the hospital, the infant suffered a seizure.

{¶ 6} Upon examination by emergency medical providers, it was determined that in the three months since the infant had been born, the child had intermittently sustained multiple serious bone fractures throughout her body.

{¶ 7} The injuries inflicted upon the infant included skull fractures, rib fractures, fractures of both clavicles, fractures of both femurs, fractures of both tibia, fractures of both humeri, and a spinal cord depression. The variable stages of healing of the above-delineated injuries reflected that they occurred on multiple, separate occasions. The child sustained permanent neurological damage.

{¶ 8} Follow-up investigation by law enforcement and related agencies determined that the infant's injuries had been inflicted by the co-defendant, the biological father. They further found that appellant had continued to leave her child alone in the care of the co-defendant despite her awareness of "issues" occurring when she did so.

{¶ 9} On September 6, 2019, appellant was indicted on one count of child endangerment, in violation of R.C. 2919.22(B), a felony of the second degree.

{¶ 10} On August 13, 2020, following a series of pre-trials, the exchange of discovery, and ongoing plea negotiations, appellant voluntarily entered a plea to one amended count of attempted child endangerment, in violation of R.C. 2919.22(A) and

3.

R.C. 2923.02, as reduced to a felony of the fourth degree. A presentence investigation was ordered.

{¶ 11} On August 27, 2020, the case proceeded to sentencing. At sentencing, the trial court noted that, "She [the victim] continues to suffer from her injuries, and she will for the rest of her life * * * I find it appalling that you [appellant] fail to show any remorse." Appellant was sentenced to an 18-month term of incarceration, with credit for 340 days of time served. This appeal ensued.

{¶ 12} In the sole assignment of error, appellant maintains that the trial court erred in determining that appellant caused physical harm to the victim, and argues that the matter should be remanded for resentencing. We do not concur.

{¶ 13} We note that all parties concur that appellant satisfies the statutory conditions for an initial, rebuttable presumption against the imposition of a prison term, as set forth in R.C. 2929.13(B).

{¶ 14} The parties further concur that the statute permits the trial court to overcome the presumption and impose a prison term upon a fourth degree felony offender, such as appellant, if, "[T]he offender caused physical harm to another while committing the offense." R.C. 2929.13(B)(1)(b)(ii).

{¶ 15} The record encompasses irrefutable evidence demonstrating that the victim, an infant, suffered a multitude of severe orthopedic and related injuries inflicted during the infant's first three months of life.

4.

{¶ 16} In conjunction, the record reflects appellant's awareness and acknowledgement of issues adverse to the infant when left alone in the care of the father. Appellant conveyed that she, "[D]oes worry because *every time she leaves the two of them alone together something happens*."  (Emphasis added).

{¶ 17} The record reflects that despite the above, appellant elected not to seek medical attention for the infant after observing unusual, twitching motions being made by her child upon appellant's return home after leaving the victim alone with the father.

{¶ 18} Rather than seek medical care for her child, who was exhibiting signs of physical distress, appellant took the child out to a restaurant and a movie.  Appellant only sought medical attention the following day, upon observing the child's eyes and tongue rolling back.

{¶ 19} Given the totality of these facts and circumstances, the trial court determined it sentencing, "This little baby suffered serious physical harm * * * and may have suffered more, as evidenced by your statement that she was twitching the night before, when you took her to dinner and to a movie.  She continues to suffer from her injuries, and she will for the rest of her life, as she has neurological damage, is legally blind, and continues to suffer seizures."

{¶ 20} Accordingly, the trial court concluded, "*The court finds pursuant to R.C. 2929.13(B) that the defendant has caused physical harm to a person* and, therefore, finds

5.

that the defendant is not amenable to community control in that prison is consistent with the purposes of sentencing." (Emphasis added).

{¶ 21} We find that the record contains convincing evidence in support of the trial court's R.C. 2929.13(B)(1)(b)(ii) finding that appellant caused physical harm to the victim by observing the infant's unusual physical movements following the infant being left alone for a considerable time with the father, yet failing to seek medical attention for her child until the following day, during time which the infant's manifest symptoms of serious physical injury worsened.

{¶ 22} Wherefore, we find that appellant has failed to demonstrate that the disputed sentence was clearly and convincingly based upon relevant statutory findings not supported by the record, or was otherwise contrary to law, as required by R.C. 2953.08(G)(2).

{¶ 23} On consideration whereof, we find appellant's assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                              JUDGE

Thomas J. Osowik, J.

Myron C. Duhart, J.               _____
CONCUR.                                        JUDGE


                                  _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.